KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (702) 851-2189
keren@gp-nola.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICIA ARELLANO, an individual, on behalf of herself and those similarly situated;<br><br>        Plaintiffs,<br><br>vs.<br><br>CLARK COUNTY COLLECTION SERVICE, LLC, a Nevada limited liability company, and BORG LAW GROUP, LLC a Nevada limited liability company<br><br>        Defendants. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

**COMPLAINT**

Plaintiff, PATRICIA ARELLANO (hereinafter referred to as "PLAINTIFF") by and through undersigned attorney, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1.      PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANTS' violations of

the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,*

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 1331.

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendants reside and/or do business in the District of Nevada.  Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

4.      PLAINTIFF is a natural person residing in Las Vegas, Nevada.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.      PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7.      CLARK COUNTY COLLECTION SERVICE, LLC (hereinafter referred to as "CCCS") is a Nevada limited liability company, the principal purpose of whose business is the collection of debts.

8.      BORG LAW GROUP, LLC (hereinafter referred to as "BORG") is a Nevada limited liability company, which regularly collects or attempts to collect debt through the filing of collection lawsuits.

9.      CCCS and BORG may hereinafter also be referred to collectively as "DEFENDANTS".

10.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that the DEFENDANTS are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

11.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 10 inclusive, above.

12.     PLAINTIFF allegedly owes a consumer debt.

13.     On or about March 3, 2015, DEFENDANTS filed a collection lawsuit against Plaintiff, in Justice Court, Henderson Township, entitled *Clark County Collection Service, LLC vs. Patricia Arellano*, Case No. 15CH000791.   A copy of the complaint is attached hereto as **Exhibit 1**.

14.     Paragraph 2 of the complaint states in pertinent part:

Please be advised that this is an attempt to collect a debt and any information obtained will be used for that purpose.  You should also be aware that consumers have the following rights.  ***Within 30 days from the receipt of this complaint you may***:

a.  ***Dispute the validity of this debt or any part thereof***; if you do not dispute the debt, it will be presumed valid.

b.  Notify Plaintiff in writing that all or a part of the debt is disputed or that you wish to know the name and address of the original creditor if different from the current creditor; in which case Plaintiff will provide the requested information and obtain verification of the debt.

(Emphasis added).

15.     The complaint misleads a consumer to believe s/he may respond to the complaint by disputing the debt, within 30 days of receipt of the complaint, through a writing to the debt collector, when the consumer really has 20 days to file an answer with the court.

16.     Further, the name CLARK COUNTY COLLECTION SERVICE, LLC implies that DEFENDANT is a State debt collector.

17.     As a result of DEFENDANT's actions, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

18.     PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members suffered emotional distress and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

19.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 18 inclusive, above.

20.     These claims for relief are brought by PLAINTIFF individually and on behalf of the following class:

  a.   A national class consisting of consumers who:

    i.   Within one year prior to the filing of this action;

    ii.   Were sued with a complaint containing the 30 day dispute language set forth above.

  b.   A national class consisting of consumers who:

    i.   Within one year prior to the filing of this action;

    ii.   Received a communication from either DEFENDANT identifying CLARK COUNTY COLLECTION SERVICE, LLC as the debt collector.

21.    Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

a.  DEFENDANTS' collection practice is to file collection law suits containing misleading 30 day dispute language in the complaint; and

b.  Use the name CLARK COUNTY COLLECTION SERVICE, LLC

c.  There are questions of law and fact common to the class that predominate over any questions affecting individual class members.

d.  The only issue related to the individuals of the class is the identification of the individual consumers who were sued and/or received a communication from DEFENDANTS, a matter capable of ministerial determination from the DEFENDANTS' records.

e.  PLAINTIFF'S claims are typical of those of the class members. All are based on the same facts and legal theories.

f.  PLAINTIFF will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

22.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.  The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

23.     If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE EFTA 15 U.S.C. § 1692e(10)**
**BROUGHT BY PLAINTIFF INDIVIDUALLY AND**
**ON BEHALF OF THE CLASS**

24.     PLAINTIFF repeats, re-alleges, and incorporates by reference paragraphs 1 through 23 inclusive, above.

25.     The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" including the use of "any false representation or deceptive means". 15 U.S.C. § 1692e(10).

26.     Here, the complaint misleads the least sophisticated consumer to believe s/he may respond to the complaint by disputing the debt, within 30 days of receipt of the complaint, through a writing to the debt collector, when the consumer really has 20 days to file an answer with the court.

27.     As a result of the FDCPA violation by DEFENDANT, PLAINTIFF has suffered actual damages and is entitled to an award of statutory damages.

28.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e (1)**
**BROUGHT BY PLAINTIFF INDIVIDUALLY AND**
**ON BEHALF OF THE CLASS**

29.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 28 inclusive, above.

30.     The FDCPA prohibits a debt collector from using a "false representation or

implication that the debt collector is…affiliated with the United States or any State…"

31.     Here, DEFENDANT CLARK COUNTY COLLECTION SERVICE, LLC's name misleads the consumer to believe that Clark County, a government entity, rather than a private debt collector, is attempting to collect a debt from him/her.

32.     As a result of the FDCPA violation by DEFENDANT, PLAINTIFF has suffered actual damages and is entitled to an award of statutory damages.

33.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

34.     Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000.000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(5)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)     For any and all other relief this Court may deem appropriate.

DATED this 27th day of July 2015.

                              **GESUND & PAILET, LLC**


                              _Keren E. Gesund, Esq._
                              KEREN E. GESUND, ESQ.
                              Nevada Bar No. 10881
                              **GESUND & PAILET, LLC**
                              8668 Spring Mountain Rd
                              Suite 101
                              Las Vegas, NV 89117
                              Tel: (702) 300-1180
                              Fax: (702) 851-2189
                              keren@gp-nola.com
                              _Attorneys for Plaintiffs_