Patrick J. Reilly, Esq.
Nevada Bar No. 6103
Nicole E. Lovelock, Esq.
Nevada Bar No. 11187
HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
preilly@hollandhart.com
nelovelock@hollandhart.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA ARELLANO, AN INDIVIDUAL, an individual, on behalf of herself and those similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY COLLECTION SERVICE, LLC, a Nevada limited liability company; and BORG LAW GROUP, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. :  2:15-cv-01424-JAD-NJK<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>As amended on page 6. |

### **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff Patricia Arellano and Defendants Clark County Collection Service, LLC and Borg Law Group, LLC hereby stipulate and agree as follows:

1. **Confidential Information.** In providing or revealing discovery materials, any party may designate as "CONFIDENTIAL" the whole or any part of discovery material which constitutes trade secrets, know-how, proprietary data, marketing information, contracts, financial information, and/or similar commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or that unprotected disclosure might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. A party may also designate as "CONFIDENTIAL" compilations of publicly available discovery

materials, which would not be known publicly in a compiled form. A party may add as "CONFIDENTIAL" any documents containing personal information, such as phone numbers, addresses and social security numbers.

2. **Designation of Confidential Information.** If a party (the "Producing Party") in this action determines that any of its documents or things or responses produced in the course of discovery in this action should be designated as provided in Paragraph 1 and, therefore constitute "Confidential Information," it shall advise the other party ("Receiving Party") who had received such Confidential Information of this fact, and all copies of such document or things or responses or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" at the expense of the Producing Party and treated as confidential by all parties.

3. **Designation of Highly Confidential Information**. A Producing Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents, items or information that the party believes in good faith contains material constituting a trade secret, or confidential research, development, personal, commercial, or financial information, the disclosure of which is reasonably likely to result in detriment to the Producing Party or the subject of the information disclosed. In the event that information designated as "CONFIDENTIAL" is later desired by a party to come within the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" category, that party may so designate the information by notice to all parties.

4. **Use of Confidential Information and Highly Confidential Information.** All Confidential Information and Highly Confidential Information designated or marked as provided shall be used by the Receiving Party solely for the purposes of this lawsuit, and shall not be disclosed to anyone other than those persons identified herein in Paragraph 6 for Confidential Information and in Paragraph 7 for Highly Confidential Information, and shall be handled in this manner until such designation is removed by the Producing Party or by order of the Court. Such Confidential Information shall not be used by any Receiving Party or other person granted access under this Stipulated Confidentiality Agreement and Protective Order ("Protective Order" or "Order") for any purpose, including, but not limited to, a business or competitive purpose.

8034314_1

Nothing shall preclude the Producing Party from using its own Confidential Information or giving others to use their Confidential Documents.

Documents, deposition testimony, or answers to interrogatories stamped "Confidential" or "Highly Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to those parties or other persons who agree in advance to abide by this Protective Order and to whom it is necessary that the material be shown for purposes of this litigation. Once the Order is entered by the Court, the producing party shall have thirty (30) days to designate as Confidential or Highly Confidential any documents previously produced, which it can do by stamping "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the document, or informing the other parties of the bates-numbers of the documents it wants to designate confidential.

5. **Use of Confidential Information and Highly Confidential Information in Depositions.** Any party shall have the right to use Confidential Information during depositions, provided that no third parties are present during such depositions. Counsel for any party shall have the right to use Highly Confidential Information during depositions, provided that no party or any third party to whom such Highly Confidential Information is not permitted to be disclosed herein is present during such depositions. At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" whenever counsel for a party deems that the answer to the question may result in the disclosure of Confidential Information or Highly Confidential Information, or whenever counsel for a party deems that the answer to any question has resulted in the disclosure of Confidential Information or Highly Confidential Information, the deposition (or portions) may be designated by the affected party as containing Confidential Information or Highly Confidential Information subject to the provisions of this Order. When such designation has been made, the testimony or the transcript of such testimony shall be disclosed only to those parties described in Paragraph 6 for Confidential Information and in Paragraph 7 for Highly

8034314_1

Confidential Information, and the information contained shall be used only as specified in this Protective Order.

Counsel for the person whose Confidential Information or Highly Confidential Information is involved may also request that all persons not qualified under Paragraph 6 or Paragraph 7 of this Protective Order to have access to the Confidential Information or Highly Confidential Information leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question seeking the revelation of Confidential Information or Highly Confidential Information. Moreover, all originals and copies of deposition transcripts that contain Confidential Information or Highly Confidential Information shall be prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within thirty (30) days of receiving the transcript. Designations may be made by letter to counsel of record or on the record during the deposition. Portions of deposition transcripts so designated shall be treated as Confidential Information by the parties as set forth herein. During the thirty (30) day period, the entire transcript shall be treated as Confidential Information (or Highly Confidential Information if any document marked as Highly Confidential was used or if counsel indicates that any response to a question contained Highly Confidential Information during such deposition). If no confidential designations are made within the thirty (30) day period, the entire transcript shall be considered non-confidential.

6. **Disclosure of Confidential Information.** Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

    a.    Retained counsel and in-house counsel for a party (including attorneys associated with the law firm of counsel, the paralegal, clerical, and secretarial staff employed

8034314_1

      by such counsel, and any data processing personnel retained by such counsel to assist in these proceedings);

   b.    A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   c.    Outside experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   d.    Court reporter(s) and videographers(s) employed in this action; and

   e.    Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

      Any person to whom Confidential Information, is disclosed pursuant to subparts (a), (b), (c), (d) or (e) of this Paragraph 6 shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.  Any person to whom Confidential Information is disclosed pursuant to subpart (c) of Paragraph 6 shall also be required to execute a copy of the form Attachment A.

   7.    **Disclosure of Highly Confidential Information.** "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents and information may be used only in connection with this case and may be disclosed only to the following and only to the extent reasonably necessary to the conduct of this case:

   a.    outside counsel for the parties who are actively engaged in the conduct of this case; the partners, associates, secretaries, legal assistants, and employees of such attorneys to the extent reasonably necessary to render professional services; and officials of the Court (including court reporters or persons operating video recording equipment at depositions);

   b.    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

8034314_1

     c.    witnesses who either authored or were sent the highly confidential information contained in such documents, as evidenced on the face of the document;

     d.    any person who is not an employee or business consultant of a party and who is retained by a party or its attorneys of record in this litigation solely as an independent expert for the purpose of this litigation and who agrees in writing to be bound by the terms of this Protective Order;

     e.    any data processing personnel retained by counsel for a party to assist in these proceedings; and

     f.    Any person that the parties agree to in writing prior to any disclosure of the Protected Material to that person.

Any person to whom Highly Confidential Information is disclosed pursuant to subpart (d) or (e) of this Paragraph 7 shall also be required to execute a copy of the form Attachment A.

9. **Application to Third Parties.** This Protective Order shall inure to the benefit of and may be invoked and enforced by third parties with respect to documents and information produced by them in the course of pretrial discovery in this action and designated by them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the manner provided herein. Any third party invoking the Protective Order shall comply with, and be subject to, all other applicable paragraphs of the Stipulation and Protective Order.

8034314_1

10. **Knowledge of Unauthorized Use or Possession.**  The Receiving Party shall immediately notify the Producing Party in writing if the Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information or Highly Confidential Information which has occurred by way of Confidential Information or Highly Confidential Information provided to that Receiving Party.  The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure.  With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in preventing its recurrence.

11. **Copies, Summaries or Abstracts.**  Any copies, summaries, abstracts or exact duplications of Confidential Information or Highly Confidential Information shall be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and shall be considered Confidential Information or Highly Confidential Information subject to the terms and conditions of this Order.  Attorney-client communications and attorney work product regarding Confidential Information or Highly Confidential Information shall not be subject to this paragraph, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information or Highly Confidential Information.

12. **Information Not Confidential.**  The restrictions set forth in this Order shall not be construed:

   a. To apply to any party's use of Confidential Information or Highly Confidential Information produced or created by that party; or
   b. To apply to information obtained by a party from any non-party to this litigation having the right to disclose such information subsequent to the production of information by the designating party; or
   c. To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or
   d. To apply to information or other materials that, under law, have been declared to be in the public domain.

8034314_1

13. **Challenges to Designations.** If at the time during the preparation for trial or during the trial of this action, counsel for any party claims that counsel for any other party or nonparty has unreasonably designated certain information as Confidential Information or Highly Confidential Information, or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, the objecting counsel may make an appropriate application to this Court requesting that the specific documents, information, and/or deposition testimony be excluded from the provisions of this Order or be available to specified other persons. The party claiming confidentiality shall have the initial burden of establishing confidentiality.

14. **Use in Court.** In the event that any Confidential Information or Highly Confidential Information is used in any pretrial Court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use, including without limitation, requesting that the Court seal or redact any transcript with respect to such proceeding. Nothing in this Protective Order, or designations of confidentiality hereunder, shall in any way affect the treatment of Confidential Information or Highly Confidential Information at the trial of this action. Within thirty (30) days after the conclusion of discovery, the parties shall confer, and if necessary, submit appropriate motions to the Court setting forth their positions as to the treatment at trial of Confidential Information.

15. **No Waiver Re: Confidential Nature of Information.** This Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed (i) to have the effect of an admission or a waiver by either party of the confidentiality or non-confidentiality of any materials, (ii) to alter the confidentiality or the non-confidentiality of any such document or information, (iii) to alter any existing obligation of any party or the absence thereof, or (iv) to affect in any way the authenticity or admissibility of any document, testimony or other evidence at trial. Entry of this

8034314_1

Order does not preclude any party from seeking or opposing additional protection for particular information

16.  **Inadvertent Failure to Designate.**  The inadvertent failure of a Producing Party to designate discovery materials as Confidential Information or Highly Confidential Information as such (whether in the form of documents, interrogatories, testimony or otherwise) shall not be deemed, by itself, to be a waiver of the party's or non-party's right to so designate such discovery materials as Confidential Information or Highly Confidential Information.  Immediately upon learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it.  Disclosure by a Receiving Party of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this paragraph shall not violate the terms of this Protective Order.  However, immediately upon being notified by a Producing Party of an inadvertent failure to designate, the Receiving Party shall treat such information as though properly disclosed and take any actions necessary to prevent any unauthorized disclosure.

17.  **No Waiver of Privilege.**  This Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product privilege or any other privilege or protection provided under the law.

18.  **Return or Destruction of Information.**  Within thirty (30) days after the conclusion of this action, including any appeal thereof, or the conclusion of any other legal proceeding (including arbitration proceedings) between any or all of the parties to this lawsuit, all documents and things, including transcripts of depositions (or appropriate portions of such transcripts), together with all copies thereof, which have been designated as Confidential Information or Highly Confidential Information, shall be returned to the Producing Party.  In lieu of returning such designated materials as provided above, counsel for the Receiving Party may certify in writing to counsel for the designating party that the materials have been destroyed. Notwithstanding the provisions of this paragraph, counsel for the parties may keep a full and

1  complete record of all documents generated as a result of this litigation, including handwritten
2  notes, correspondence, e-mails, deposition and court transcripts, pleadings and documents.

3      19.    **Injunctive Relief Available.**  Each party acknowledges that monetary remedies
4  are inadequate to protect each party in the case of unauthorized disclosure or use of Confidential
5  Information or Highly Confidential Information and that injunctive relief shall be appropriate to
6  protect each party's rights in the event there is any such unauthorized disclosure or use of
7  Confidential Information or Highly Confidential Information.

8      20.    **Other Actions and Proceedings**.  If a Receiving Party (a) is subpoenaed in
9  another action or proceeding, (b) is served with a demand in another action or proceeding in
10 which it is a party, or (c) is served with any legal process by one not a party to this Protective
11 Order, seeking discovery materials which were produced or designated as Confidential pursuant
12 to this Protective Order, the Receiving Party shall give prompt actual written notice by hand or
13 facsimile transmission to counsel of record for such Producing Party within five (5) business
14 days of receipt of such subpoena, demand or legal process or such shorter notice as may be
15 required to provide the Producing Party with the opportunity to object to the immediate
16 production of the requested discovery materials to the extent permitted by law.  Should the
17 person seeking access to the Confidential Information or Highly Confidential Information take
18 action against the Receiving Party or anyone else covered by this Protective Order to enforce
19 such a subpoena, demand or other legal process, the Receiving Party shall respond to the extent
20 permissible under applicable law by setting forth the existence of this Protective Order.

21 ///
22 ///
23 ///
24 ///

8034314_1

21. **Order Survives Termination.** This Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

DATED this 14th day of September, 2015.        DATED this 14th day of September, 2015

| /s/ Keren E. Gesund | /s/ Patrick J. Reilly |
|---|---|
| Keren E. Gesund, Esq. | Patrick J. Reilly, Esq. |
| Gesund & Pailet, LLC | Nicole E. Lovelock, Esq. |
| 3421 N Causeway Blvd, Ste. 805 | Holland & Hart LLP |
| Metairie, LA 70002 | 9555 Hillwood Drive, Second Floor |
|  | Las Vegas, Nevada 89134 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**PROTECTIVE ORDER**

IT IS SO ORDERED.

_____
United States Magistrate Judge
DATED: September 15, 2015

8034314_1