```
 1                    UNITED STATES DISTRICT COURT

 2                         DISTRICT OF NEVADA

 3

 4   PATRICIA ARELLANO,          )  Case No. 2:15-cv-1424-JAD-NJK
                                 )
 5              Plaintiff,       )  Las Vegas, Nevada
                                 )  Monday, March 7, 2016
 6       vs.                     )  3:30 p.m.
                                 )  Courtroom 6D
 7   CLARK COUNTY COLLECTION     )
     SERVICE, LLC, et al.,       )  MOTION HEARING
 8                               )
                Defendants.      )  C E R T I F I E D   C O P Y
 9                               )

10

11

12            REPORTER'S TRANSCRIPT OF PROCEEDINGS

13        BEFORE THE HONORABLE JENNIFER A. DORSEY,
                UNITED STATES DISTRICT JUDGE
14

15

16

17  APPEARANCES NEXT PAGE

18

19

20

21  Court Reporter:         Felicia Rene Zabin, FCRR, RPR, CCR 478
                            United States District Court
22                          333 Las Vegas Boulevard South, Room 1334
                            Las Vegas, Nevada 89101
23

24
    Proceedings reported by machine shorthand.  Transcript produced by
25  computer-aided transcription.
```

———2:15-cv-1424-JAD-NJK - March 7, 2016———

1  APPEARANCES:

2  For the Plaintiff:      KEREN E. GESUND, ESQ.
                           Gesund & Pailet, LLC
3                          3421 North Causeway Boulevard, Suite 805
                           Metairie, Louisiana 70002
4                          (702) 300-1180

5  For the Defendants:     PATRICK J. REILLY, ESQ.
                           Holland & Hart LLP
6                          9555 Hillwood Drive, Second Floor
                           Las Vegas, Nevada 89134
7                          (702) 669-4600

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    LAS VEGAS, NEVADA; MONDAY, MARCH 7, 2016; 3:30 P.M.
2                              --oOo--
3                          P R O C E E D I N G S
4         THE COURT:  Mr. Reilly, you're earlier.  But I think
5    we're probably about -- can you move into the next one?
6         MS. GESUND:  I'm ready to go.  Let's do it.
7         THE COURT:  Okay.
8         COURTROOM ADMINISTRATOR:  Case No. 2:15-cv-1424-JAD-NJK,
9    Patricia Arellano versus Clark County Collection Service, LLC.
10   This is the date and time set for a motion hearing.
11        Counsel, if you'd state your appearances, please.
12        MS. GESUND:  Good afternoon again, Your Honor.  Keren
13   Gesund on behalf of Plaintiff Patricia Arellano.
14        THE COURT:  Good afternoon again.
15        MR. REILLY:  Good afternoon, Your Honor.  Patrick Reilly
16   appearing on behalf of the Clark County Collection Service.
17        THE COURT:  Good afternoon.
18        All right.  So we are here for a Motion to Dismiss, or
19   Alternatively, a Motion for Summary Judgment.  This motion, the
20   gist of the motion, is that Clark County Collection Service and
21   Borg Law Group purchased this claim that the Plaintiff previously
22   had as a result of judgment collection practice.  And so the
23   Plaintiff no longer has standing to bring this claim.
24        So I will let the parties know:  I've read everything.
25   I'm familiar with the claim.  So you don't have to reinvent the

1  wheel.
2         But, Mr. Reilly, this is your motion.  And so, sir, the
3  podium is yours.
4         MR. REILLY:  Oh, thank you, Your Honor.  And so I'll be
5  very brief because the statutes and the Nevada Supreme Court has
6  outlined that a cause of action is an item of personal property
7  which can be executed against.  My client took a -- my client,
8  Clark County Collection Service, took a judgment by default prior
9  to the filing of this lawsuit and then executed against that and
10 the execution was against all claims for relief, causes of action,
11 choses in action, held by the Plaintiff including the ones in this
12 case.  The Sheriff's Sale went forward in November.  Partial
13 credit bid of $250.  My client is in possession of the claim.  The
14 Defendant has cited to the -- I hope I'm pronouncing this right --
15 *Butwinick* case which stands for the proposition, the way I read
16 it --
17        THE COURT:  There are many ways to pronounce that.  We'll
18 go with that one.
19        MR. REILLY:  We'll go with that one.
20        -- my reading of it is that it stands for the proposition
21 that you cannot execute against a defense, which makes sense
22 especially in connection with the statutes, but that you can
23 execute on a chose in action, whether it be the plaintiff or
24 counterclaimant.  In that case, the appellant didn't even suggest
25 that you couldn't execute against a counterclaim.

1       So, with that, it's my client's position that there is no
2  standing -- no Article III standing here.  My client, Clark County
3  Collection Service, owns the claim and asks that the Court dismiss
4  the action.
5       THE COURT:  And Clark County Collection Service wants
6  that claim dismissed; correct?
7       MR. REILLY:  Correct, on behalf of all of the claims
8  against the Defendants.  Only Clark County Collection possessed
9  the Judgment, but it now owns all the claims in this case.
10      Thank you.
11      THE COURT:  Thank you so much.
12      Ms. Gesund.
13      MS. GESUND:  Yes, Your Honor.
14      As you know, Defendant claims that it purchased the
15 rights to this lawsuit and is not seeking dismissal as against
16 itself.  However, as set forth in Plaintiff's opposition, a party
17 in Nevada cannot assign -- it cannot assign a personal injury
18 claim.  It's void as against public policy in Nevada.  So
19 Defendant tries to claim that an FDCPA is not actually a personal
20 injury claim.  But I'm not sure how it isn't.
21      I mean, if you -- excuse me -- look at the statute
22 itself, 15 U.S.C. Section 1692e, the point of the FDCPA is to
23 eliminate abusive debt collection practices by debt collectors.
24 So I don't know how you can say abuse or abusive practice is not a
25 personal injury tort personal to the consumer.  And I think the

1  Eleventh Circuit kinda hit on that as well in *Sibley* when they
2  talked about how an FDCPA claim clearly falls into a traditional
3  tort area analogous to a number of traditional torts.
4          Defendant -- or -- yeah, Defendant really relies on this
5  *Brandstetter* case as an example of how the personal injury tort
6  claim was assigned.  But I don't think it was ever raise as an
7  issue in that case whether or not you could assign a personal
8  claim.  And further, Your Honor, it's an unpublished Supreme Court
9  decision and, I think pursuant Supreme Court Rule 123, isn't
10 supposed to be regarded as precedent and shall not cited as legal
11 authority.  So I think it was --
12         THE COURT:  Yeah, I don't think that he was citing it as
13 legal authority.  I think he was just citing it because it is a
14 bit of a grouping of cases that the Supreme Court has relied upon.
15 So I wouldn't rely on it as authority and I don't think Mr. Reilly
16 would either.
17         MS. GESUND:  Okay, because he attached the whole thing in
18 his reply --
19         THE COURT:  Right.
20         MS. GESUND:  -- as an example of that.  And so --
21         THE COURT:  To be fair, it's only two pages.  But...
22         MS. GESUND:  No.  The re- -- in his reply, it's like five
23 or six.  It's like the extensive, I think, findings of fact and
24 conclusion of law.
25         THE COURT:  Oh, I see.  Okay.

1     MS. GESUND:  But, at any rate, I mean, he also looked at
2 a more recent case though -- what is it? -- the *Waterton* case and
3 that's out of 2015 from this District Court.  And what Judge --
4     THE COURT:  Excuse me.
5     MR. REILLY:  Bless you.
6     MS. GESUND:  -- what Judge Jones pretty much said that he
7 affirms that it's clear under Nevada law that tort claims
8 involving personal injuries are not assignable, meaning that the
9 right to bring a cause of action for injuries of a personal nature
10 cannot be transferred.
11     You know, Defendant kind of looks at the survivability of
12 the claim as this test was set forth in this *Waterton* case but
13 that applied to property damage torts and not personal injury
14 torts.  I don't know how you would say that an FDCPA claim is a
15 property damage tort.  I'm not sure what property was damaged.
16     Since any kind of transfer or assignment of a personal
17 injury claim in Nevada is void as public policy, we respectfully
18 request that Defendants' Motion to Dismiss be denied.
19     THE COURT:  Thank you, Ms. --
20     MS. GESUND:  Oh.  Actually, just one other thing.
21     THE COURT:  Sure.
22     MS. GESUND:  As far as that *Butwinick* case goes, they
23 actually mention in the case that the counterclaim -- whether or
24 not a counterclaim could have survived assignability or should
25 have been assigned.  They say that was never raised as an issue

1  and so they aren't going to discuss it but they definitely note
2  the fact that it wasn't raised as an issue in the case.
3          THE COURT:  Got it.  Thank you.
4          MS. GESUND:  Yeah.
5          MR. REILLY:  And briefly in reply, Your Honor, two
6  things.
7          The reason it wasn't raised in -- by the appellant is
8  because there would have been no basis to raise it because a
9  counterclaim is a cause of action.  We're not talking about an
10 assignment here; we are not talking about a voluntary assignment.
11 We're talking about execution under NRS Chapter 21, 21.080, and
12 NRS 10.045.  We're not talking about assignments; we're talking
13 about execution under Nevada statute.  Thank you.
14         THE COURT:  Thank you very much.
15         All right.  Thank you for your extensive briefing on this
16 issue.  It certainly presented an interesting situation.
17         I am going to grant the Motion for Summary Judgment
18 because I have to go outside the pleadings in order to consider
19 the document.  Some of those are documents that are court
20 documents of which I take judicial notice and the others that
21 Mr. Reilly has provided on behalf of his client are properly
22 authenticated and so I do consider them on summary judgment.
23 So -- and those are the additional exhibits attached to his
24 Affidavit.
25         And, in this case, I do find that it clearly appears that

———————2:15-cv-1424-JAD-NJK - March 7, 2016———————

1  Clark County Collection Service has purchased this cause of
2  action -- or these causes of action, this chose in action --
3  c-h-o-s-e -- to use the archaic term.  I find that this is the
4  type of a claim or shows an action that can be transferred.  I
5  don't find these claims are the type of tort claims that public
6  policy prevents from being transferred.  Having read the *Butwinick*
7  case, I don't read it to prevent the acquisition through this
8  judgment satisfaction process as occurred in this case.
9           And so I find that the Defendant has demonstrated that
10 Clark County Collection Service obtained as a judgment creditor
11 the cause of action that is pled in this case and it is the party
12 with standing to bring this claim.  And because it wants this
13 claim dismissed, essentially, or summary judgment granted in its
14 favor -- in the Defendants' collective favor in this case, I grant
15 the motion in favor of the Defendant -- so the motion is Document
16 No. 13 -- and direct that this case be closed.
17          There will not be a separate order in this case.  The
18 transcript of this hearing will serve as the order and my findings
19 of fact and conclusions of law.  And the minute order will reflect
20 that I have granted Document No. 13 having gone outside the
21 pleadings and converted it to a motion for summary judgment.
22          And I also find -- so essentially, Donna, I find there's
23 no standing for the Plaintiff because these claims were purchased
24 by Clark County Collection Service and Article III requires the
25 Plaintiff to have a legally cognizable right or interest and that

1  interest now belongs to Clark County Collection Service as a
2  result of its acquisition of these claims in the judgment debtor
3  process.
4           All right.  Any questions for clarification?
5           MS. GESUND:  No.  No, Your Honor.
6           MR. REILLY:  No, Your Honor.
7           THE COURT:  Okay.  So judgment will be entered in favor
8  of the Defendants and the case will be closed.
9           MR. REILLY:  Thank you, Your Honor.
10          MS. GESUND:  Thank you.
11          THE COURT:  All right.
12          MR. REILLY:  Have a good day.
13          THE COURT:  Thank you, everyone.
14      (Proceedings concluded at 3:41 p.m.)
15                          --oOo--
16              COURT REPORTER'S CERTIFICATE
17      I, FELICIA RENE ZABIN, Official Court Reporter, United
18 States District Court, District of Nevada, Las Vegas, Nevada, do
19 hereby certify that pursuant to Section 753, Title 28, United
20 States Code, the foregoing is a true, complete, and correct
21 transcript of the proceedings had in connection with the
22 above-entitled matter.
23 DATED:  March 29, 2016
24
25                              /s/ **Felicia Rene Zabin**
                                FELICIA RENE ZABIN, RPR, CCR NO. 478

FELICIA R. ZABIN, FCRR, RPR, CCR 478    (702) 676-1087