# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Patricia Arellano,

     Plaintiff

v.

Clark County Collection Service, LLC, and
Borg Law Group, LLC,

     Defendants

Case No.: 2:15-cv-01424-JAD-NJK

**Order Granting Motion for Summary
Judgment and Closing Case**

[ECF No. 38]

     This case stems from an underlying state-court case in which now-defendant Clark County Collection Service, LLC (CCCS) sued now-plaintiff Patricia Arellano to collect an unpaid medical debt.[1] Arellano received a summons informing her that she had 20 days to answer CCCS's complaint.[2] But the complaint told Arellano that she had 30 days from receipt of it to dispute the validity of the debt.[3] Arellano did nothing, defaulted,[4] and had judgment entered against her.[5]

     Arellano now sues CCCS and its counsel, Borg Law Group, LLC, under the Fair Debt Collection Practices Act (FDCPA) for using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," theorizing that the summons's 20-days-to-answer language overshadowed the complaint's 30-days-to-dispute language.[6] But because

---

[1] ECF No. 38-1 at 1–5.

[2] *Id.* at 7.

[3] *Id.* at 3.

[4] *Id.* at 9.

[5] *Id.* at 11.

[6] ECF No. 1. Arellano also alleged that CCCS's name falsely implied that it was government affiliated, but she has since—in a footnote—withdrawn that claim, leaving only her overshadowing claim. ECF No. 40 at 3 n.1.

neither of these documents is an actionable communication under the FDCPA.[7] I find that the defendants are entitled to summary judgment as a matter of law and close this case.

## Discussion

### A.    Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[8]  When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[9]  If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[10]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[11]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[12]  The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[13]

---

[7] 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).").

[8] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[9] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).
[10] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[12] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[13] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

**B.      Arellano's FDCPA claim fails because neither of the documents at issue is an actionable communication.**

The facts are neither complicated nor disputed.  Arellano was sued in Nevada Justice Court by now-defendant CCCS for an unpaid medical debt.  She received the summons and complaint at the same time.  The summons told her that she had been sued, had *20* days to file an answer to the complaint and serve it on CCCS, and that she would default if she failed to do so.[14] The summons did not describe the claims that CCCS alleged against her.[15]

The complaint, however, told Arellano that she had *30* days from receipt of it to: (a) dispute the validity of the debt and, if she didn't, it would be presumed valid; and (b) notify CCCS in writing that all or part of the debt was disputed or ask for the name and address of the original creditor.[16]  Arellano didn't file an answer.[17]  So, she defaulted,[18] and judgment was entered against her.[19]  Arellano, on behalf of herself and a proposed class, then filed this lawsuit, arguing that the 20-day deadline overshadowed the 30-day deadline in the complaint and was therefore misleading or otherwise deceptive under the FDCPA.[20]

The FDCPA requires a debt collector to "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," provide the consumer written notice of: (1) the amount of the debt; (2) the creditor's name; (3) the consumer's right to dispute the validity of the debt (or a portion of it) within 30 days otherwise the debt collector will assume the debt's validity; (4) the consumer's right to verification of the

---

[14] ECF No. 38-1 at 7.

[15] *Id.*

[16] *Id.* at 3.

[17] *Id.* at 9.

[18] *Id.*

[19] *Id.* at 11.

[20] ECF No. 1.

debt if disputed; and (5) the consumer's right to the name and address of the original creditor.[21] These are the consumer's debt-validation rights.

An overshadowing claim alleges that information in the debt collector's communication is "likely to deceive or mislead a hypothetical 'least sophisticated debtor'" of her debt-validation rights.[22] A communication is "any medium" that conveys information "regarding a debt directly or indirectly to any person."[23] But since 2006, the FDCPA has expressly provided that "[a] communication in the form of a formal pleading in a civil action [will] not be treated as an initial communication . . . ."[24] And the least-sophisticated-debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."[25] This standard holds the least-sophisticated debtor to a modicum of reasonableness, and debt collectors are not liable for "bizarre, idiosyncratic, or peculiar misinterpretations."[26]

The parties do not dispute that CCCS's justice-court complaint is not an actionable communication under the FDCPA.[27] CCCS argues that the summons is also not a communication under the FDCPA because it "makes no reference at all to [Arellano's] debt" but "merely references a lawsuit" and provides the deadline to respond to it.[28] A summons supplies "notice of the pendency of a legal action, in a manner and at a time that affords the defendant a

---

[21] 15 U.S.C. § 1692g(a).

[22] *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (quoting *Swanson*, 869 F.2d at 1225).

[23] 15 U.S.C. § 1692a(2).

[24] 15 U.S.C. § 1692g(d).

[25] *Terran v. Kaplan*, 109 F.3d 1428, 1431–32 (9th Cir. 1997) (quoting *Swanson*, 869 F.2d at 1227) (quotations omitted).

[26] *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (the standard "preserv[es] a quotient of reasonableness and presume[s] a basic level of understanding and willingness to read with care").

[27] *See* ECF No. 40 at 10–11.

[28] ECF No. 38 at 8.

fair opportunity to answer the complaint and present defenses and objections."[29]  Arellano also does not dispute that a summons is not a communication under the FDCPA.[30]  Though her silence doesn't automatically amount to agreement with CCCS's argument,[31] it does make it impossible for her to rebut CCCS's showing.  I therefore find that this summons is not a communication under the FDCPA.[32]  And even if it were, I would have to apply a bizarre, idiosyncratic, or peculiar interpretation of it to find it likely to deceive or mislead a least-sophisticated debtor of her rights.

Because neither the summons nor the complaint constitutes an actionable communication under the FDCPA, Arellano's claim fails.  So, I grant the defendants' motion for summary judgment on that basis, and I need not—so I do not—reach their remaining arguments.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that the defendants' motion for summary judgment **[ECF No. 38] is GRANTED.**

The **Clerk of Court** is directed to **ENTER JUDGMENT** in favor of the defendants and against Arellano and **CLOSE THIS CASE**.

Dated: August 28, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[29] *Henderson v. United States*, 517 U.S. 654, 671–72 (1996); *see also* Hon. William W. Schwarzer, et al., FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 5:2 (2017) ("'Summons' in a civil action is a document designed to provide notice to defendant of (a) the pendency of a lawsuit against him or her; (b) the limited period of time within which to respond; and (c) the consequences of failing to make a timely response.").

[30] *See generally* ECF No. 40.

[31] L.R. 7-2(d).

[32] The summons may not be an actionable communication for the additional reason that it may fall under the "formal pleading" exemption in section 1692g(d).  *See, e.g.*, *Kamen v. Steven J Baum, P.C.*, 659 F. Supp. 2d 402, 406 (E.D.N.Y. 2009) (rejecting "Plaintiff's tortured attempt to carve out the Summons from the definition of legal pleadings so as to circumvent the clear FDCPA exclusion," since state law requires a complaint be served with a summons); *Hill v. Javitch, Block & Rathbone*, 574 F. Supp. 2d 819, 823–24 (S.D. Ohio 2008) (holding that summons and complaint are both exempt from FDCPA-notice requirements).